**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KLX ENERGY SERVICES LLC,** | § | |
| | § | **Case No. 1:18-cv-00225-CSM** |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **TELOS INDUSTRIES, INC. AND** | § | |
| **DUSTIN ADAMS,** | § | |
| | § | |
| **Defendants.** | § | |

---

### AGREED PROTECTIVE ORDER

---

Plaintiff KLX Energy Services LLC ("**Plaintiff**") and Defendants Telos Industries, Inc. and Dustin Adams (collectively, "**Defendants**," and together with Plaintiff, the "**Parties**" or individually "**a Party**") anticipate that documents, testimony, information and tangible property containing or reflecting confidential, proprietary, commercially sensitive and/or trade secret information will be disclosed or produced during the course of discovery and disclosures in the above captioned lawsuit (the "**Lawsuit**"). To facilitate disclosure and production and to protect the relative interests of the Parties, the Parties stipulate to and request that this Court enter this Agreed Protective Order ("**Protective Order**") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, setting forth the conditions for obtaining, treating, and using such disclosures and productions.

1.     <u>**PURPOSES AND LIMITATIONS**</u>

(a)     Under the terms of this Protective Order, Protected Material (defined below) received by a Receiving Party (defined below) shall be used only for purposes of the prosecution and defense of this Lawsuit, shall not be used for any business purpose or other purpose

whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such Protected Material as provided in this Protective Order. All Protected Material shall be carefully maintained by the Receiving Party to preclude access by persons who are not entitled to receive such Protected Material.

(b) The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or trade secret treatment under the applicable legal principles. Designations under this Protective Order shall be made with both care and a good faith belief that the Protected Material satisfies the criteria set forth below. If it comes to a Producing Party's attention that Protected Material does not qualify for the level of protection initially asserted or for protection at all under this Protective Order, the Producing Party must promptly notify all other Parties that the designation is changed or withdrawn.

2. **DEFINITIONS**

(a) "**AEO Material**" means Discovery Material that is designated as "**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**" as provided for in this Protective Order.

(b) "**Confidential Material**" means Discovery Material that is designated as "**CONFIDENTIAL**" as provided for in this Protective Order.

(c) "**Designated Employees**" means an officer or employee of the Receiving Party whose knowledge of AEO Material is necessary to the prosecution or defense of one or more claims in the Lawsuit.

(d) "**Discovery Material**" means all items or information, including from a Non-Party, regardless of the medium or manner generated, stored, or maintained (including, among

other things, testimony, transcripts, or tangible items) that are produced, disclosed, created or generated in connection with discovery or Rule 26(a) disclosures in this Lawsuit.

(e)  "**In-House Counsel**" means (i) licensed attorneys employed in the capacity of an attorney within the Party, and (ii) their immediate paralegals and staff to whom disclosure is reasonably necessary.

(f)  ""**Non-Parties**" or "**a Non-Party**" means a person, organization or entity which is not a party to this Lawsuit.

(g)  "**Outside Counsel**" means (i) outside counsel of record for a Party, (ii) partners, associates, attorneys, and employees of the law firm of such counsel to whom it is reasonably necessary to disclose the information for this Lawsuit, and (iii) their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff.

(h)  "**Party**" means any party to this Lawsuit, including all of its or his officers, directors, and employees.

(i)  "**Producing Party**" means any Party or Non-Party that discloses or produces any Discovery Material in this Lawsuit.

(j)  "**Protected Material**" means any Discovery Material that is designated as Confidential Material or AEO Material as provided for in this Protective Order. Protected Material shall not include any item or information that (i) is or has become publicly known through no fault of the Receiving Party; (ii) is lawfully acquired by or known to the Receiving Party independent of the Producing Party; or (iii) was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake. The descriptions in (i)-(iii) in this section (h)

are not exhaustive of Discovery Material that may be excluded from Protected Material.

(k)     "**Receiving Party**" means any Party who receives Discovery Material from a Producing Party or Non-Party.

(l)     "**Retained Expert**" means an individual retained by a Party for the purpose of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial in this Lawsuit, regardless of whether such person is a consulting or testifying expert.

### 3.     COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in <u>Federal Rule of Civil Procedure 6</u> and the Local Rules for the District of North Dakota.

### 4.     SCOPE

(a)     The protections conferred by this Protective Order apply not only to all Discovery Material, but also to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings relating to this Lawsuit that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

(c)     Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Discovery Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to seek to modify this Order in any way,

including, without limitation, an order that certain matter not be produced at all.

5.    **DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this Lawsuit until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles. All Protected Material shall be used only as set forth in this Protective Order, and such use shall be solely for this Lawsuit and any related appellate proceeding, and not for any other purpose. Protected Material shall not be distributed, disclosed or made available to any persons, organizations or entities except as expressly provided in this Protective Order.

(b)    AEO Material. Absent the written consent of the Producing Party, no person other than Outside Counsel, In-House Counsel, Retained Experts, and Designated Employees of each Party, may receive AEO Material. Recipients of AEO Material under this provision understand and agree that they may not keep or retain copies of AEO Material after the conclusion of the Lawsuit, and that that their use is limited for purposes of this Lawsuit only. Disclosure of AEO Material received from any Party shall not be made to any person who is a designated employee under this paragraph until seven (7) days after (1) said person been provided with a copy of this Protective Order, agreed to be bound by it, and signed an agreement in the same form as Exhibit A to this Protective Order; and (2) a copy of such agreement(s) has been provided to the designating party.

In the absence of an objection at the end of the seven (7) day period, the designated employee(s) shall be deemed approved under this Protective Order.

If the designating party has an objection to the designated employee(s) receipt of AEO Material, said party must make a timely objection in writing setting forth the objection(s) within the seven (7) days. If the parties cannot resolve the dispute regarding the designated employee, the party seeking to preclude the disclosure to the designated employee may seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is timely sought, Protected Materials shall not be disclosed to the Potential Recipient in question until the Court resolves the objection.

(c) Secure Storage. Protected Material must be stored and maintained by a Receiving Party in a manner that ensures that access is limited to the persons authorized under this Protective Order.

(d) Legal Advice Based on Protected Material. Subject to the restrictions of Section 6.(b) above, nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Lawsuit based in whole or in part upon any Protected Materials, provided counsel does not disclose the Protected Material itself except as permitted by this Protective Order.

(e) Limitations. Nothing in this Protective Order shall restrict a Producing Party's use or disclosure of its own Protected Material in any manner or for any purpose. Nothing in this Order shall restrict the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

(f) <u>Non-Party Discovery</u>. Subject to the restrictions of Section 6.(b) above, nothing in this Protective Order shall limit or impair the ability of either Party to obtain and use Non-Party discovery and nothing herein shall limit or impair a Non-Party's ability to obtain discovery from the Parties.

7.      **<u>DESIGNATING PROTECTED MATERIAL</u>**

(a)      <u>Available Designations</u>. Any Producing Party may designate Discovery Material as Protected Material pursuant to this Protective Order, provided that it meets the requirements for such designation as provided below, only with one of the following designations:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

or

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

(b)      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Designations under this Protective Order shall be made with both care and a good faith belief that the Protected Material satisfies the criteria of the designation it is given by the Producing Party. The Court will consider, among other things, a Party's efforts to comply with this Protective Order in the initial designation of Protected Material, the level of cooperation in conferring upon a designation of Protected Material before involving the Court in any dispute over such designation, the reasonableness of the objection to a designation of Protected Material, and the reasonableness of the response to such objection.

(c)      <u>Objections to Designations</u>. A Party may at any time request in writing that another Party or Non-Party modify or withdraw a designation to Protected Material. The request shall identify the Protected Material with specificity and describe the basis for requesting the

withdrawal or modification of the designation. Within seven (7) days of the receipt of the request, lead counsel for each Party or Non-Party shall meet and confer in person or by telephone and attempt to resolve the dispute in good faith on an informal basis. If the Party or Non-Party that made the designation does not agree to modify the designation within seven (7) days of the meet and confer, the requesting Party may move the Court for relief. Such motion shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to that Rule's provisions relating to sanctions. In making such motion, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the motion, the original designation of the Protected Material shall be maintained. The initial burden of proof shall be on the party objecting to the designation to show that the designation is not warranted. The Court's ruling on the motion to compel shall be only for the purposes of the treatment of the Protected Material during discovery and shall not be binding, have preclusive effect or alter any burden for any dispositive motion or trial in the Lawsuit.

(d)  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before or at the time the material is disclosed or produced. Designation in conformity with this Protective Order requires the following:

(i)  <u>Documents</u>. Documents (which include "**electronically stored information**," as that phrase is used in Federal Rule of Procedure 34, but excluding transcripts of depositions or proceedings before the Court) that meet the requirements for the designations listed in Section 7(a) should be so designated by affixing the appropriate designation on every

page of the written material prior to production in a manner that does not obscure any material information. In the event original documents are produced for inspection, the original documents shall be presumed AEO Material during the inspection, with any re-designation occurring, as appropriate, during the copying process.

(ii)     <u>Written Discovery and Expert Reports</u>. Responses to written discovery, such as responses to Interrogatories, Request for Admissions and Rule 26(a) Disclosures, and expert reports, shall be designated for protection by identifying on the first page of any such response, disclosure or report that it contains Discovery Material subject to the specific designation(s), and then marking the specific portion(s) of the response, disclosure or report with the appropriate designation.

(iii)    <u>Native and other Electronic/Digital Files</u>. Where Discovery Material is produced in electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file contains Confidential Material or AEO Material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file, without otherwise substantively altering the content of the file.

(iv)    <u>Depositions and Testimony</u>. Parties or testifying persons may designate testimony given in deposition and in pretrial or trial proceedings with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how

portions of the transcript of the testimony is designated within five (5) business days of receipt of the transcript of the testimony (the "**Designation Period**"). Only those portions of the testimony that are appropriately designated on the record or in writing within the Designation Period shall be covered by the provisions of this Protective Order. All information disclosed during a deposition shall be deemed AEO Material until the Designation Period has passed; provided that the deponent may be provided with the transcript of and exhibits to his/her deposition before the expiration of the Designation Period for the sole purpose of complying with Rule 30(e); provided further that such deponent shall treat the transcript of and exhibits to such deposition as AEO Material (excepting only the deponent as a person who may, in addition to those allowed under such designation, view the transcript of and exhibits to such deposition) until the transcript and exhibits are returned within the time period allowed by Rule 30(e), and shall not copy the transcript or any exhibits. The use of Protected Material as an exhibit at a deposition shall not in any way effect its designation as Confidential or AEO Material. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Producing Party. The Producing Party shall inform the court reporter of these requirements. In the event the deposition is video recorded, the original and all copies of the video recording shall be prominently marked by the video technician (i) on any tangible property

in which the video is contained, (ii) in the transfer letter or the message field of any electronic transfer of the video, such as by email or other electronic file transfer application; (iii) as a written introduction of at least one minute in duration before the videoed testimony begins, and (iv) as an oral introduction on the video before the videoed testimony begins, which may coincide with the written introduction, each of which that states substantially along the lines of "**This video contains confidential testimony and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the Protective Order in this matter or pursuant to written stipulation of the Parties.**" Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(v)     <u>Tangible and other non-documentary materials</u>. For information produced in a form other than as provided in 7.c.(i)-(iv) above, such as tangible exemplars or photographs of products or components, the Producing Party shall affix the appropriate designation in a prominent place on the exterior of the container(s) in which the information or item is stored, and to the extent practical, on such non-documentary or other tangible item.

(vi)    <u>All other materials</u>. All Protected Material that cannot reasonably or practically be designated as set forth in 7.c.(i)-(v) above shall be designated by the Producing Party informing the Receiving Party in writing of the specific Discovery Material being designated and its designation.

8. **DISCOVERY MATERIAL DESIGNATED AS CONFIDENTIAL MATERIAL**

(a)     A Producing Party may designate Discovery Material as Confidential Material only if it is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential.

(b)     Unless otherwise ordered by this Court, Protected Material designated as Confidential Material may be disclosed only to the following:

(i)     Outside Counsel;

(ii)     In-House Counsel;

(iii)     With respect to Parties other than individuals, not more than three (3) representatives of the Receiving Party, in addition to In-House Counsel, who are officers or employees of the Receiving Party, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(iv)     Any outside expert or consultant retained by the Receiving Party to assist in this Lawsuit; having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(v)     Witnesses at deposition and/or trial employed by, or retained as experts or consultants for, the Producing Party provided that a Producing Party may use its own Confidential Material with any witness at a deposition and/or trial without waiving such designation, so long as the Producing Party complies with the other provisions of this Protective Order for such Protected Material;

(vi)     With respect to particular Confidential Material, an individual who is shown on such Confidential Material, or shown by other Discovery Material produced by the

Producing Party, to have been an author, source, or recipient of the Confidential Material;

(vii)    Court reporters, stenographers and videographers retained to record testimony taken in this Lawsuit; provided that each confirm in writing to counsel for each Party, prior to their first participation in depositions in this Lawsuit, that they have reviewed and understand their responsibilities under this Protective Order;

(viii)    The Court, jury, and court personnel;

(ix)    Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of **Exhibit A**;

(x)    Any mediator who mediates this matter, and their staff, subject to the mediator's agreement to maintain confidentiality of Confidential Information to the same degree required by this Protective Order; and

(xi)    Any other person with the prior written consent of the Producing Party or as Ordered by the Court.

9.    **DISCOVERY MATERIAL DESIGNATED AS AEO MATERIAL**

(a)    To the extent a Producing Party reasonably believes that Confidential Material is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Confidential Material as AEO Material. The Parties agree that, without limitation, the following information, if non-public, may be AEO Material: confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

(b)    Unless otherwise ordered by this Court, Discovery Material designated as AEO Material may be disclosed only to:

(i)     Subject to 6.(b), Outside Counsel; provided that such Outside Counsel is not an employee of either a Party or an affiliate of a Party and is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, <u>730 F.2d 1465, 1468</u> n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

(ii)     Subject to 6.(b), not more than two (2) In-House Counsel, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; provided that that no disclosure shall be made to the In-House Counsel until the process set forth in section 6.(b) is completed. In addition, such outside In-House Counsel may not be involved in competitive decision-making, as defined by *U.S. Steel v. United States*, <u>730 F.2d 1465, 1468</u> n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

(iii)     Subject to 6.(b), no more than three (3) Designated Employees, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; provided that that no disclosure shall be made to the Designated Employees until the process set forth in section 6.(b) is completed. In addition, such outside Designated Employees may not be involved in competitive decision-making, as defined by *U.S. Steel v. United States*, <u>730 F.2d 1465, 1468</u> n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

(iv)     Subject to 6.(b), any Retained Expert retained by the Receiving Party to assist in this action; provided that that no disclosure shall be made to the expert or consultant until the process set forth in section 6.(b) is completed; provided further that such Retained Expert or consultant may not be an employee of either a Party or an affiliate of a Party. In addition, such outside expert or consultant may not be involved in competitive decision-making, as defined by *U.S. Steel v. United States*, <u>730 F.2d 1465, 1468</u> n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

(v)     Witnesses at deposition and/or trial for the Producing Party who (a) have seen or have access to the Protected Material as part of their job responsibilities; (b) are designated as 30(b)(6) witnesses on related subject matter; (c) are a Producing Party's Retained Expert or (d) are otherwise agreed upon by the parties after good-faith discussion; provided that a Producing Party may use its own AEO Material with any witness at deposition and/or trial without waiving such designation;

(vi)     With respect to particular AEO Material, an individual who is shown on such AEO Material, or shown by other Discovery Material produced by the Producing Party, to have been an author, source, or recipient of the AEO Material;

(vii)     Court reporters, stenographers and videographers retained to record testimony taken in this Lawsuit; provided that each confirm in writing to counsel for each Party, prior to their first participation in depositions in this Lawsuit, that they have reviewed and understand their responsibilities under this Protective Order;

(viii)     The Court, jury, and court personnel;

(ix)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of **Exhibit A**;

(x)     Any mediator who mediates this matter, and his or her staff, subject to the mediator's agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xi) Any other person with the prior written consent of the Producing Party, or as Ordered by the Court.

10.     **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any Non-Party, court, arbitral,

administrative, or legislative body, the Party to whom the subpoena or other request is directed shall give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

11.     **<u>FILING PROTECTED MATERIAL</u>**

Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order.

12.     **<u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>**

(a)     The inadvertent production by a Party of Discovery Material that is subject to an applicable privilege, doctrine, or immunity, will not waive the applicable privilege and/or protection if a written request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon receipt of a written request for return of Discovery Material under this section 12, the Receiving Party shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings made by the Receiving Party, which pages shall instead be destroyed. The Receiving Party shall confirm compliance with this provision to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced

Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

(d)     If a Receiving Party receives Discovery Material that the Receiving Party believes may be inadvertently or unintentionally produced privileged and/or protected Discovery Material, the Receiving Party shall notify the Producing Party promptly after it is discovered that the Discovery Material may have been inadvertently or unintentionally produced.

13.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive any such designation provided that the Producing Party notifies the Receiving Party that such Discovery Material is protected under one of the categories of this Protective Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Discovery Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Party. Upon receiving the Discovery Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Receiving Party's option, all Discovery Material that was not designated properly and confirm to the Producing Party that it has done so.

(b)     A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such

Discovery Material (subject to the exception in Section 15(c)) at the appropriately designated level pursuant to the terms of this Protective Order.

14. **DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)      In the event of a disclosure of any Protected Material to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, and promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)      The Party responsible for having made such disclosure shall also use its best efforts to (i) inform such person promptly of all the provisions of this Protective Order and requested to return the Protected Material promptly; (ii) such person shall be identified to the Producing Party of the Discovery Material; and (iii) the person to whom disclosure was made shall be requested to sign **Exhibit A** hereto. Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

(c)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

15. **FINAL DISPOSITION**

(a)      Unless otherwise ordered or agreed to in writing by the Producing Party, within ninety (90) days after the final termination of this litigation by settlement or exhaustion of all appeals all parties in receipt of Protected Material shall either return such materials and copies thereof to the Producing Party or destroy such Protected Material, and certify those facts in

writing. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes and is overwritten in the normal course of business or (ii) is subject to legal hold obligations. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Material. Such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to Court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

16.    **AGREEMENT REGARDING PRIVILEGE LOGS**

The obligation to create and provide privilege logs pursuant to FRCP 26(b)(5) shall not extend to attorney-client privileged communications or attorney work product regarding the Lawsuit.

17.    **TRIAL**

At least seventy five (75) days before the pretrial conference to be set by the Court's Scheduling Order, or any amendment thereto, the lead counsel for each Party shall meet in person and confer regarding procedures for the handling of testimony and exhibits at trial which may constitute Confidential or AEO Material. At least sixty (60) days before the pretrial conference the Parties shall file a joint brief regarding their proposed handling of such testimony and exhibits, providing relevant authority on all issues the Court must consider in implementing any such proposed procedures. Any disputes among the Parties on any proposed procedures shall be noted generally, but prominently, in the joint brief. Each Party shall thereafter file a brief on

any such dispute at least forty-five (45) days before the pretrial conference, with responses and replies to such briefs due according the Federal Rules of Civil Procedure and this Court's Local Rules. All briefing under this section 17 shall include relevant authority on public policy, open courts principals, and similar policies and principals that the Court is required to consider in implementing any proposed procedure for handling testimony and exhibits which may constitute Confidential or AEO Material.

18.     **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by this Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the final determination of this Lawsuit. The Court shall retain jurisdiction after final determination of this Lawsuit to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute

a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable to the causes of action or defenses asserted by any Party, nor in disputes regarding whether particular Discovery Material is confidential, which designation is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply. The designation by a Producing Party of Discovery Material as Protected Material shall not itself be construed as any evidence that such Discovery Material is in fact Confidential Material or AEO Material.

(f)     Modification by Court. This Protective Order is subject to further court order based upon public policy or other considerations, and this Court may modify this Protective Order *sua sponte* in the interests of justice. The United States District Court for District of North Dakota is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of North Dakota.

(g)     Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of North Dakota, or this Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures

of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of North Dakota, or this Court's own orders.

IT IS SO ORDERED.

Dated this 19th day of December, 2019.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | | |
|---|---|---|
| **KLX ENERGY SERVICES LLC,** | § | |
| | § | **Case No. 1:18-cv-00225-CSM** |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **TELOS INDUSTRIES, INC. AND** | § | |
| **DUSTIN ADAMS,** | § | |
| | § | |
| **Defendants.** | § | |

---

**EXHIBIT A TO AGREED PROTECTIVE ORDER
ACKNOWLEDGMENT**

---

The undersigned, on oath, deposes and states as follows:

I, _____, acknowledge that I have been provided with a copy of the Agreed Protective Order entered in the above styled and number cause on August __, 2019 governing the treatment of "Confidential Material" and "AEO Material" produced by the Parties and Non-Parties in the above-referenced action (the "Protective Order"). I have read and I understand the provisions of the Protective Order, and I represent and warrant that I am bound by it and agree to abide by it. I further acknowledge that I may be held responsible for any failure on my part to comply with all provisions of the Protective Order, and agree to submit myself to the jurisdiction of this Court for purposes of enforcing the Protective Order. Signed under the pains and penalties of perjury in _____ (city), _____ (state).

Date:_____, 2019

Signature: _____

Printed Name: _____

Date of Birth: _____

---